**Barney DIXON, Plaintiff,**

v.

**The CERTAINTEED CORPORATION, et al., Defendants.**

**Civ. A. No. 94–2310–GTV.**

United States District Court, D. Kansas.

Feb. 14, 1996.

686

Paul E. Serrano, Jr., Robert L. Dameron, Blake & Uhlig, P.A., Kansas City, KS, Henri J. Watson, Russell S. Dameron, Watson & Dameron, Kansas City, MO, for Barney Dixon.

Roger W. Warren, Kathryn A. Regier, Blackwell, Sanders, Matheny, Weary & Lombardi, Overland Park, KS, for CertainTeed Corp.

Bernard T. Schmitt, Harris, McCausland & Schmitt, P.C., Kansas City, MO, for Precision Constructors, Inc.

David E. Larson, Brett A. Davis, Westwood, KS, for Insurance Solutions, Brookville Insurance Agency, Inc.

Thomas R. Buchanan, McDowell, Rice & Smith, P.C. Overland Park, KS, Joseph M. Backer, Kurlbaum, Stoll, Seaman, Reefer Suter & Mustoe, P.C., Kansas City, MO, for Henry F. Teichmann, Inc.

### MEMORANDUM AND ORDER

RUSHFELT, United States Magistrate Judge.

The court has under consideration a Motion To Compel CertainTeed Corporation (CertainTeed) to Disclose The Addresses And Telephone Numbers Of Individuals Identified Pursuant To Rule 26 and For Sanctions (doc. 113) and a Motion For Leave To Take Additional Depositions of CertainTeed Employees and For Sanctions (doc. 114), both filed by plaintiff Barney Dixon. Fed.R.Civ.P. 37 governs motions to compel. Fed.R.Civ.P. 30 governs motions for leave to take additional depositions. Defendant CertainTeed opposes the motions.

Plaintiff seeks an order permitting him to depose 17 employees of CertainTeed and re-depose two witnesses, Susan Lovell and Doug Hall. He further seeks an order compelling CertainTeed to disclose the address and telephone numbers of all individuals identified pursuant to Fed.R.Civ.P. 26(a). In addition he seeks reimbursement of his costs and expenses incurred upon the motions. He also seeks to place the costs of redeposing the two witnesses upon CertainTeed. He requests that, pursuant to Fed.R.Civ.P. 37(c)(1), the court inform the jury of the failure of CertainTeed to make disclosures.

At the planning meeting pursuant Fed.R.Civ.P. 26(f), the parties agreed to limit the number of depositions to 30. Plaintiff claims he "was sandbagged by defendant" into agreeing to this limit. He points out that, soon after suggesting such a limit, CertainTeed identified 31 individuals with discoverable information. It also identified ten relevant documents at that time. Despite such identification, plaintiff contends that CertainTeed did not identify all relevant documents or all persons with discoverable information. He suggests that CertainTeed should have identified safety reports of its safety teams who inspect its premises, which in turn would identify the members of such teams. He asserts that members of safety teams would likely have discoverable information relevant to disputed facts. He further argues the safety reports would be relevant to disputed facts alleged with particularity in the pleadings. He suggests that he would have used the reports to cross-examine CertainTeed deponents had he had them. He proposes that the failure to identify all persons necessitates additional depositions. He claims the information sought is crucial to his case.

Plaintiff has sought, to no avail, addresses and telephone numbers of persons identified pursuant to Fed.R.Civ.P. 26(a) so that he can informally interview them. He asked CertainTeed to provide such information when it expressed a concern about escalating costs of discovery and told him that it would not voluntarily produce any further employees for deposition. He suggests that he had to turn to the court when CertainTeed denied his request for the information. He asserts that CertainTeed wrongfully believes that he cannot properly interview its past or present employees.

Plaintiff also suggests the untimely identification of documents necessitates redeposing Ms. Lovell and Mr. Hall. Ms. Lovell was a plant nurse. Plaintiff deposed her for her knowledge of the accident and the care she provided him. Unknown to plaintiff at the time of her deposition, Ms. Lovell had served

as a member of a safety team which had inspected the premises of CertainTeed two weeks before the accident leading to this lawsuit. Plaintiff asserts that four months after her deposition defendant CertainTeed produced a safety report, revealing such information. He contends that the condition of the premises two weeks prior to his accident is highly relevant and should have been disclosed pursuant to Fed.R.Civ.P. 26(a). He wants to redepose Ms. Lovell to inquire about her participation on the safety team.

When deposing Mr. Hall, plaintiff did not know that the co-defendant Precision Constructors, Inc., had interviewed Hall the day after plaintiff's accident. A construction log reveals statements by Mr. Hall regarding the area where the accident occurred. Plaintiff contends he did not inquire into such matters, because he had no knowledge of the log until four months after the deposition of Mr. Hall. He wants to redepose Mr. Hall for the limited purpose of inquiring about the statements to Precision.

Plaintiff believes sanctions are appropriate for the conduct of CertainTeed. He contends that Fed.R.Civ.P. 26(g)(1) mandates that a party make reasonable inquiry into the facts, before making disclosures pursuant to Fed.R.Civ.P. 26(a). He suggests that CertainTeed did not conduct a reasonable investigation. He argues, that if it had, then it would have identified the safety reports discussed herein, which in turn would have identified members of safety teams at CertainTeed. He contends, furthermore, that CertainTeed should have produced the construction log before the deposition of Mr. Hall. He also contends that CertainTeed has a photograph depicting an unsafe guardrail that it still has not produced. He submits that these failures have caused needless expenditure of time and effort. He suggests that the court sanction CertainTeed for such conduct.

CertainTeed suggests that resolution of both motions turns on a single issue, i.e. whether it should be required to produce additional employees for depositions. It contends that plaintiff has had more than adequate access to its employees. It submits that discovery expenses are mounting. It suggests, furthermore, that the discovery sought is cumulative and duplicative. Citing correspondence between counsel for the parties, it maintains that home addresses and phone numbers of current employees are not necessary at the initial disclosure stage, as plaintiff cannot informally contact such employees. It suggests, moreover, that the applicable address for current employees would be its business address. It submits that sanctions are inappropriate. It claims to have made a reasonable investigation before its disclosures. It asks the court to expressly limit the number of future depositions, if the court decides to allow additional ones. It also asks for reimbursement of its costs and expenses expended in response to the motions.

Fed.R.Civ.P. 37(a)(2)(A) provides: "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." "Rule 26 imposes on parties a duty to disclose, without awaiting formal discovery requests, certain basic information that is needed in most cases to prepare for trial and make informed decisions about settlement." Fed.R.Civ.P. 26(a)(1) advisory committee's notes (1993 Amend.). Rule 26(a)(1) provides in pertinent part:

Except to the extent otherwise stipulated or directed by order or local rule, a party shall, without waiting a discovery request, provide to other parties:

(A) the name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identifying the subjects of the information;

(B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed facts alleged with particularity in the pleading.

.    .    .    .    .

Unless otherwise stipulated or directed by the court, these disclosures shall be made at or within 10 days after the meeting of the parties under subdivision (f). A party

shall make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case....

CertainTeed removed this action from state court to the District of Kansas. (See Notice of Removal, doc. 1.) At that time the action came under the control of the Federal Rules of Civil Procedure. Attached as Exhibit A to the Notice of Removal was the latest petition of plaintiff. (See First Am. Pet. For Damages Pursuant To K.S.A. Chapter 60, [hereinafter Pet.].) Upon removal to this district that petition became the controlling pleading in this case. It thus set the initial framework for required disclosures under Fed.R.Civ.P. 26(a). In the context of Rule 26(a), amendments to pleadings became important later.

Plaintiff alleged that "he leaned on a railing, which was not securely attached and which gave way, causing [him] to fall several feet to the floor, and suffer bodily injury." (Pet., ¶ 4.) He further alleged that "defendant was negligent ... [and] failed to exercise reasonable care to keep its premises in a reasonably safe and suitable condition." (Pet., ¶¶ 5–6.) He claimed damages for "defendant's negligence and/or the aforesaid conduct and/or omissions of defendant." (Pet., ¶ 7.) CertainTeed admitted that plaintiff fell and was injured at its plant. It otherwise denied the allegations in ¶¶ 4–8 of the petition of plaintiff. (See Answer of Def. CertainTeed Corp. To Pl.'s First Am.Pet. For Damages, doc. 4, ¶¶ 5–6.)

■ Plaintiff pleads the following facts with sufficient particularity to require responsive disclosures: (1) that he leaned on the railing; (2) the railing was not securely attached; and (3) the railing gave way, causing him to fall several feet to the floor. The denial of CertainTeed places these facts in dispute. Thus it should have identified all individuals likely to have discoverable information relevant to the stability and safety of the railing. It likewise should have identified all documents or tangible items in its possession, custody, or control, relevant to the disputed facts.

■ CertainTeed initially identified 31 individuals likely to have discoverable information. It has subsequently identified other such individuals. It has not disclosed, however, the addresses or telephone numbers of current employees. It contends that Rule 26(a) does not require such disclosure. In a novel approach it cites correspondence between counsel for the parties as support for such proposition. The cited "authority" consists only of a collection of letters between counsel. They contain no legal citation for the proposition plaintiff asserts. Identification of individuals pursuant to Fed.R.Civ.P. 26(a)(1) includes providing their addresses and telephone numbers, if known. The rule expressly states as much. Pursuant to Rule 26(a)(1), therefore, CertainTeed shall disclose the addresses and telephone numbers of all the identified employees. It may not satisfy this obligation by disclosing its business address and phone number, unless it knows of no other address and number.

■ CertainTeed expresses concern that counsel for plaintiff will contact its employees outside its presence. It may not pose its concern as cause to unilaterally disregard its duties of disclosure under Rule 26(a). Nor will the court indulge in speculation that counsel will unethically use the disclosed information. The court expects counsel to abide by the canons of legal ethics. It assumes attorneys will be ethical, absent some evidence to show otherwise.

The court notes that an ethical rule

prohibits communications by a lawyer for one party concerning the matter in representation with persons having managerial responsibility on behalf of the organization, *and with any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability.*

*See Aiken v. Business & Indus. Health Group, Inc.,* 885 F.Supp. 1474, 1477 (D.Kan. 1995) (quoting Model Rule of Professional Conduct 4.2 cmt. (1983)) (emphasis added). Counsel should also note *Chancellor v. Boeing Co.,* 678 F.Supp. 250 (D.Kan.1988). The latter case specifically relates to current employees.

In this instance the parties dispute the cause of the allegedly unsafe railing. Many employees of defendant CertainTeed may have knowledge of facts relevant to the alleged negligence. Their acts or omissions could conceivably be imputed to CertainTeed, as employer. Counsel for plaintiff must assess these possibilities, in deciding to what extent he may or may not contact employees or issue subpoenas for their testimony. The court notes that plaintiff, apparently to avoid an ethical problem, has suggested that his attorney interview current employees in the presence of counsel for CertainTeed.

The court next addresses the request for leave to take additional depositions. Fed. R.Civ.P. 30(a)(2) provides:

> A party must obtain leave of the court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2) ... if, without the written stipulation of the parties.
>
> (A) a proposed deposition would result in more than ten depositions being taken or Rule 31 by the plaintiffs, or the defendants, or by third-party defendants; [or]
>
> (B) the person to be examined already has been deposed in the case....

The motion for additional depositions invites consideration of both subdivisions (A) and (B). Fed.R.Civ.P. 26(b)(2) directs the court to limit discovery

> if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Plaintiff has already taken more than 40 depositions. He seeks leave to take 17 more and to redepose two witnesses.

"The propriety of deposing someone a second time addresses the discretion of the court." *In re Starcom, Inc. v. US Telecom, Inc.,* No. 87–2540–O, unpublished op. at 1 (D.Kan. June 20, 1990). Absent some showing of a need or good reason for doing so, "the court will generally not require a deponent to appear for a second deposition." *Lone Star Indus., Inc. v. River's Bend Red–E–Mix, Inc.,* No. 90–2349–V, unpublished op. at 4 (D.Kan. Oct. 6, 1992). "Courts generally disfavor repeat depositions." *In re Starcom, Inc.,* at 1–2.

In this instance the adequacy of the initial disclosures by defendant affects the question of redeposing the two witnesses. The Advisory Committee Notes to the 1993 amendments to Rule 26, therefore, provide helpful guidance:

> A major purpose of [Rule 26(a)] is to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information, and the rule should be applied in a manner to achieve those objectives....
>
> .    .    .    .    .
>
> ... [T]he [1993] revision puts in place a series of disclosure obligations that ... are designed to eliminate certain discovery, help focus the discovery that is needed, and facilitate preparation for trial or settlement.
>
> Subparagraph [(a)(1)](A) requires identification of all persons who, based on the investigation conducted thus far, are likely to have discoverable information relevant to the factual disputes between the parties. All persons with such information should be disclosed, whether or not their testimony will be supportive of the position of the disclosing party. As officers of the court, counsel are expected to disclose the identity of those persons who may be used by them as witnesses or who, if their potential testimony were known, might reasonably be expected to be deposed or called as a witness by any of the other parties. Indicating briefly the general topics on which such persons have information should not be burdensome, and will assist other par-

ties in deciding which depositions will actually be needed.

Subparagraph [ (a)(1) ](B) is included as a substitute for the inquiries routinely made about the existence and location of documents and other tangible things in the possession, custody, or control of the disclosing party. Although unlike subdivision (a)(3)(C), an itemized listing of each exhibit is not required, the disclosure should describe and categorize, to the extent identified during the initial investigation ... sufficiently to enable opposing parties (1) to make an informed decision concerning which documents might need to be examined, at least initially, and (2) to frame their document requests in a manner likely to avoid squabbles resulting from the wording of the requests. As with potential witnesses, the requirement for disclosure of documents applies to all potentially relevant items then known to the party, whether or not supportive of its contentions in the case.

. . . . .

The initial disclosure requirements of subparagraphs (A) and (B) are limited to identification of potential evidence "relevant to disputed facts alleged with particularity in the pleadings." There is no need for a party to identify potential evidence with respect to allegations that are admitted.... The greater the specificity and clarity of the allegations in the pleadings, the more complete should be the listing of potential witnesses and types of documentary evidence. Although paragraphs (1)(A) and (1)(B) by their terms refer to the factual disputes defined in the pleadings, the rule contemplates that these issues would be informally refined and clarified during the meeting of the parties under subdivision (f) and that the disclosure obligations would be adjusted in light of these discussions. The disclosure requirements should, in short, be applied with common sense in light of the principles of Rule 1, keeping in mind the salutary purposes that the rule is intended to accomplish. The litigants should not indulge in gamesmanship with respect to the disclosure obligations.

. . . .

Before making its disclosures, a party has the obligation under subdivision (g)(1) to make a reasonable inquiry into the facts of the case. The rule does not demand an exhaustive investigation at this stage of the case, but one that is reasonable under the circumstances, focusing on the facts that are alleged with particularity in the pleadings. The type of investigation that can be expected at this point will vary based upon such factors as the number and complexity of the issues; the location, nature, number, and availability of potentially relevant witnesses and documents; the extent of past working relationships between the attorney and the client, particularly in handling related or similar litigation; and of course how long the party has to conduct an investigation, either before or after filing of the case.... The party should make its initial disclosures based on the pleadings and the information then reasonably available to it. As its investigation continues and as the issues in the pleadings are clarified, it should supplement its disclosures as required by subdivision (e)(1)....

A reasonable investigation by CertainTeed should have uncovered the fact that a safety team had inspected its premises, including the location of the accident of plaintiff, just two weeks prior to such accident. Certain-Teed removed this action from state court on August 5, 1994. (See Notice of Removal.) On September 27, 1994 the parties agreed to exchange information required by Fed. R.Civ.P. 26(a) by November 7, 1994. (See Report of Parties' Planning Meeting, doc. 11, ¶ 2, hereinafter Report.) CertainTeed thus had three months from the date of removal to the date their disclosures were due to conduct its own investigation. A reasonable investigation during that period should have uncovered the fact that a safety team had inspected its premises only two weeks before the accident. Defendant has provided nothing of record to suggest otherwise.

The Report, moreover, indicates that discovery would be needed on "Safety rules, regulations, and procedures in [Certain-

Teed's] plant." If before the planning meeting CertainTeed was unaware of the pertinence of information concerning reports of safety teams about the specific area of the accident, it could no longer make such claim. Rule 26(a) contemplates that the factual disputes defined in the pleadings "would be informally refined and clarified during the meeting of the parties under subdivision (f) and that the disclosure obligations would be adjusted in light of these discussions." Fed. R.Civ.P. 26(a) advisory committee notes (1993 Amend.).

CertainTeed should have identified at the initial disclosure stage the report of its safety team about its inspection of the plant two weeks prior to the accident. The safety report in turn would have identified the members of such safety teams. Plaintiff has shown good reason to redepose Ms. Lovell. He may redepose her for the limited purpose of inquiring about her participation on the safety team and related matters. Redeposing her does not appear to violate Fed. R.Civ.P. 26(b)(2).

■ From the information the parties have provided, the court cannot determine if CertainTeed should have identified in its initial disclosures the construction log herein discussed. The court cannot find that such a log by its nature would necessarily contain information relevant to this action. The court does not know whether the log relates either to construction of the railing or to its immediate vicinity. The court cannot find, therefore, that CertainTeed had a duty to disclose its identity. Once it became aware of the log with its statements by Mr. Hall, however, it had a duty to supplement its initial disclosures to identify it. Nothing indicates that CertainTeed failed to timely supplement its disclosures with such information. As far as the court knows, CertainTeed disclosed the log as soon as it discovered its relevance. The court will not attribute to defendant intentional delay and violation of the Federal Rules of Civil Procedure without adequate evidence of such conduct.

■ Plaintiff has shown good reason, nevertheless, to redepose Mr. Hall. While conducting the first deposition, all parties were apparently unaware of his statements to Pre-

cision Constructors, Inc. regarding the railing in question. Had plaintiff known of such statements, he probably would have inquired about them at the first deposition. Redeposing him for the limited purpose of inquiring about these statements does not violate Fed. R.Civ.P. 26(b)(2) in this instance. Plaintiff may redepose him for that limited purpose.

Plaintiff also seeks leave to take 17 additional depositions. He has already taken more than 40 with the agreement of defendant. Fed.R.Civ.P. 30(a)(2)(A)

> provides a limit on the number of depositions the parties may take, absent leave of court or stipulation with the other parties. One aim of this [Rule] is to assure judicial review under the standards stated in Rule 26(b)(2) before any side will be allowed to take more than ten depositions in a case without agreement of the other parties. A second objective is to emphasize that counsel have a professional obligation to develop a mutual cost-effective plan for discovery in the case.

*Id.* advisory committee notes (1993 Amend.).

■ Plaintiff has suggested that he can obtain the information sought by the requested depositions instead through informal interviews with the 17 proposed deponents. He also appears to concede that informal interviews would be more convenient, less burdensome, and less expensive. The court, therefore, denies the request for leave to take additional depositions. Plaintiff may pursue his suggested method of obtaining the information sought, i.e. informal interviews; provided he does so within the ethical constraints described by *Aiken* and *Chancellor, supra.* The mere fact that many individuals may have discoverable information does not necessarily entitle a party to depose each such individual. Advisory Committee's Notes to the 1993 amendments to Rule 26 highlight that a brief synopsis of "the general topics on which [persons identified] have information ... will assist other parties in deciding which depositions will actually be needed."

■ The rulings of the court necessitate consideration of sanctions. Fed.R.Civ.P. 37(c)(1) provides:

A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule and may include informing the jury of the failure to make the disclosure.

CertainTeed had no substantial justification for excluding identification of its safety reports from its initial disclosures. In accordance with Rule 37(c)(1), therefore, Certain-Teed shall within twenty days of the date of this order show cause why the next deposition of Ms. Lovell should not be at its expense.

▮ The sustaining of a motion to compel, furthermore, invites consideration of Fed.R.Civ.P. 37(a)(4)(A). It provides:

If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified or that other circumstances make an award of expenses unjust.

The concerns of CertainTeed about the ethics of opposing counsel does not eliminate the requirement of Rule 26(a)(1)(A) that it disclose the known addresses and telephone numbers of those current employees identi-fied pursuant to Rule 26. Although such concerns may be understandable, they do not excuse the unilateral decision of CertainTeed to not make the required disclosures. It appears that the failure to disclose was a deliberate choice to violate the clear mandate of Rule 26. Thus in accordance with Fed. R.Civ.P. 37(a)(4)(A) CertainTeed and its counsel shall have twenty days from the date of this order to show cause why the court should not order either or both of them to pay the reasonable costs and expenses incurred by plaintiff upon the motion to compel. Within ten days of the date of this order, plaintiff shall submit an affidavit of time and expenses incurred upon the motion.

The court overrules all other requests for sanctions made in conjunction with these two motions. It finds no justification for additional sanctions under the circumstances.

In summary, the court sustains in part and defers ruling in part the Motion To Compel CertainTeed Corporation to Disclose The Addresses And Telephone Numbers Of Individuals Identified Pursuant To Rule 26 and For Sanctions (doc. 113). Within twenty days of the date of this order, CertainTeed shall disclose the addresses and telephone numbers of its current employees identified pursuant to Fed.R.Civ.P. 26(a)(1). The court defers ruling on the issue of sanctions, until CertainTeed and its counsel have had an opportunity to be heard in accordance with Fed.R.Civ.P. 37(a)(4)(A). It, furthermore, sustains in part, overrules in part, and defers ruling in part the Motion For Leave To Take Additional Depositions of CertainTeed Employees and For Sanctions (doc. 114). Plaintiff may redepose Ms. Lovell and Mr. Hall. In accordance with Fed.R.Civ.P. 37(c)(1), the court defers ruling on sanctions for the failure of CertainTeed to identify safety reports of members of safety teams at the initial disclosure stage of this action. The court otherwise overrules the motion.

IT IS SO ORDERED.