Miguel VIVEROS, et al, Plaintiffs,

v.

NATIONWIDE JANITORIAL AS-
SOCIATION, INC., and Mel-
ba Brown, Defendants.

No. CIV.A.1:00CV421ODE.

United States District Court,
N.D. Georgia,
Atlanta Division.

Aug. 2, 2000.

Christopher David Adams, Adams & Alford, Athens, GA, for Plaintiffs.

D. Albert Brannen, Anderson B. Scott, Jeffery E. Robertson, Fisher & Phillips, Atlanta, GA, for Defendants.

## ORDER

ORINDA D. EVANS, Chief Judge.

This putative class action, in which Plaintiffs allege unlawful employment practices and failure to pay the minimum wage and overtime in violation of the Fair Labor Standards Act ("FSLA") is before the court on Defendants' opposed motion to compel Plaintiffs' complete responses to mandatory disclosures, Defendants' unopposed motion to strike Plaintiffs' brief in opposition to Defendants' motion to compel, and Defendants' unopposed motion for entry of default judgment.

On February 17, 2000, Plaintiffs[1] filed their complaint and accompanying "Answers to Mandatory Interrogatories" following the format set forth by the Federal and Local Rules. *See* Fed.R.Civ.P. 26(a)(1); Local Rule 26.1, N.D. Ga. Plaintiffs itemized categories of damages but failed to disclose a proper computation of damages, stating only that the amounts of damages were "to be determined." Plaintiffs also failed to disclose the addresses and phone numbers of individuals likely to have discoverable information relevant to the disputed facts, listing only the six named Plaintiffs, followed by the phrase, "may be contacted through counsel." Na-

---

1. Miguel Viveros, Fernado Hernandez, Domingo Perez, Jose Luis Martinez, Rodolfo Pilares, and Miguel Rangel.

tionwide Janitorial Assoc., Inc. and Melba Brown ("Defendants") seek to compel the Plaintiffs to fully comply with the rules governing mandatory disclosures and request sanctions in the amount of $50 for the discovery violations.

Plaintiffs submit that they cannot calculate back wages until Defendants provide them with all the time and payroll records, which FLSA requires them to maintain. Plaintiffs cite to the commentary to Federal Rule of Civil Procedure ("FRCP") 26(a)(1)(C), which states, "a party would not be expected to provide a calculation of damages which, as in many patent infringement actions, depends upon information in the possession of another party or person." Plaintiffs assert that Defendants' brief stated that these mandatory damage computations "would be binding on Plaintiffs later in this litigation." This argument is without merit, as Defendants' brief contains no such language.

Additionally, Plaintiffs respond that FRCP 26(a)(1)(A) requires production only of the witnesses' "identities, i.e. their names" arguing that identity does not encompass information other than one's name and that "there is no legitimate reason" to disclose the addresses and phone numbers. Plaintiffs also assert that they cannot be compelled to produce the addresses and telephone numbers because of the attorney-client privilege.

■ The court will first address the damages portion of Defendants' motion to compel. FRCP 26(a)(1)(C) requires the computation of any category of damages claimed, and the Local Rules' Appendix B, Form 1, N.D. Ga., requires that Plaintiffs provide "a separate statement for each item of damage claimed containing a brief description of the item of damage, **the dollar amounts claimed**, and the citation to the statute, rule, regulation or case law authorizing a recovery for the particular item." (emphasis added). Further, FRCP 26(a)(1) provides that "a party shall make its initial disclosures based on information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not

made its disclosures." *See* Fed.R.Civ.P. 26(a)(1).

Therefore, Plaintiffs must provide a statement of damages including dollar amounts claimed to the extent ascertainable at this stage of the litigation. The Court finds that Plaintiffs should be able to make a good faith estimate of damages and methods of calculations based on the information they have available. Should Plaintiffs wish to amend their mandatory disclosures as discovery progresses they may do so. *See* Fed.R.Civ.P. 26(e).

■ Turning to Defendants' argument regarding the disclosure of the Plaintiffs' addresses and phone numbers, FRCP 26(a)(1)(A), as incorporated by LR 26.1(A), requires that plaintiffs "*shall*, without awaiting discovery request" disclose the name, address, and telephone number of all known individuals likely to have discoverable information relevant to the disputed facts of this case. (emphasis added). This mandatory language compels disclosure, and Plaintiffs have not established that the addresses and phone numbers are protected by the attorney-client privilege.

■ In federal civil proceedings, application of the attorney-client privilege is determined by state law. *See* Fed.R.Evid. 501. Georgia does not recognize a blanket privilege for client addresses, and has required disclosure of a client's address to ensure prompt judicial administration. *See West v. Field*, 181 Ga. 152, 181 S.E. 661 (Ga.1935).

■ Furthermore, the attorney-client privilege applies to a client's address only when the client communicated the address confidentially, and the legal advice sought involves the address. *See In the Matter of Grand Jury Subpoenas Served Upon Field*, 408 F.Supp. 1169 (S.D.N.Y.1976). The movant who is asserting the privilege must satisfy his burden by making a showing that the address "was [something] more than incidental to the attorney-client relationship." *In the Matter of the Arbitration Between Integrity Insurance Co.*, 885 F.Supp. 69 (S.D.N.Y. 1995). *See also In re Grand Jury Proceedings in the Matter of Freeman*, 708 F.2d

1571, 1575 (11th Cir.1983) (holding that the movant asserting attorney-client privilege has the burden in establishing application of the privilege, including proof by specific facts of the confidentiality of the communication by such means as an in camera presentation). Plaintiffs' counsel have made no such showing nor included specific facts that either the attorney-client privilege should extend to the protection of their clients' addresses and phone numbers or that their clients sought legal advice regarding their addresses and phone numbers.

■ The requirements of FRCP 26(a)(1)(A) are mandatory and can only be satisfied by production of each individual's address and phone number, not the attorney's address and phone number. *See Dixon v. Certainteed Corp.*, 164 F.R.D. 685 (D.Kansas 1996). Concern that witnesses will be contacted directly will not justify assertion of the attorney-client privilege to protect the addresses and phone numbers of witnesses, as the Court assumes that attorneys will abide by the ethical rules. *See id.* at 689. Thus Plaintiffs must comply with the rules governing mandatory disclosures and disclose the addresses and phone numbers of *all* individuals likely to have discoverable information relevant to the disputed facts of this case.

■ The court will now address Defendants' request for sanctions. Pursuant to Federal Rule of Civil Procedure 37(c)(1), and in light of Plaintiffs' willful failure to comply with mandatory disclosures, Defendants' motion for sanctions in the amount of fifty dollars ($50) for costs and attorneys' fees is hereby granted.

In light of the court's decisions on Defendants' motion to compel Plaintiffs' complete responses to mandatory disclosures and request for sanctions, the court denies as moot Defendants' motion to strike Plaintiffs' brief in opposition to Defendants' motion to compel due to the Plaintiffs failure to serve upon Defendants a copy of their brief in response to the motion to compel. However, the court notes that Plaintiffs are required by FRCP 5 and Local Rule 5.2, N.D. Georgia, to serve a copy of each pleading upon opposing counsel. The Court warns Plaintiffs that further failure to comply with these rules may result in additional sanctions.

■ Finally, the court addresses Defendants' motion for default judgment. Defendants filed a motion for entry of default judgment on June 5, 2000, on Defendants' Counterclaims against Plaintiff Jose Luis Martinez. Defendants served Plaintiffs' counsel with Defendants' Answer, Defenses, and Counterclaims to Plaintiffs' complaint on April 25, 2000. Defendants asserted in the caption that the Answer included both Defenses and Counterclaims. Defendants state that service was properly made on Plaintiff Martinez's counsel by mail as provided by FRCP 5(b).

Plaintiff Martinez failed to answer Defendants' Counterclaims within 20 days after being served. FRCP 12(a)(2) requires that a "plaintiff shall serve a reply to a counterclaim in the answer within 20 days after service of the answer...." Fed.R.Civ.P. 12(a)(2). Plaintiff Martinez is in default by failing to respond to Defendants' counterclaims. *See* Fed.R.Civ.P. 55(a) and (d). Therefore, Court grants Defendants' motion for default judgment. A hearing for damages will be set at a later time.

Accordingly, Defendants' motion to compel mandatory disclosures and for sanctions [# 5–1] is GRANTED. Plaintiffs are ORDERED to file the required disclosures within ten (10) days of the entry of this order. Plaintiffs are ORDERED to pay sanctions to Defendants in the amount of fifty dollars ($50). Defendants' motion to strike Plaintiffs' brief in opposition to Defendants' motion to compel [# 9–1] is DENIED AS MOOT. Defendants' motion for default judgment [# 6–1] is GRANTED, and the Clerk is DIRECTED to enter a default on the counterclaims against Plaintiff Martinez. The Clerk is DIRECTED to resubmit this file at the end of ten (10) days following the entry of this order.