**Michael G. OLESON, Plaintiff,**

v.

**KMART CORPORATION, Defendant.**

**No. 96–4066–SAC.**

United States District Court,
D. Kansas.

June 11, 1997.

Scott J. Bloch, Andrew R. Ramirez, Matthew D. All, Stevens & Brand, L.L.P. Lawrence, KS, for Plaintiff.

William G. Haynes, Frieden, Haynes & Forbes, Topeka, KS, for Defendants.

### MEMORANDUM AND ORDER

NEWMAN, United States Magistrate Judge.

This matter is before the court on Plaintiff's First Motion to Compel, for Protective Order and for Sanctions. (Doc. 75.) Defendant has filed a responsive memorandum and the plaintiff has filed a reply.

This case represents one of the most adversarial, abusive, and unprofessional approaches to discovery witnessed by the court. The court presently has approximately one foot of discovery disputes to be resolved. The court has previously urged counsel to attempt to resolve their discovery disputes, focus their efforts and devote their time and energy to preparing this case for final resolution on the merits, to no avail. Consequent-

ly, the parties have usurped the court's time and resources for petty discovery disputes, most of which do not involve issues which should have required the court's intervention. Counsel have often ignored the *Federal Rules of Civil Procedure* and the *Rules of Practice of the United States District Court for the District of Kansas*. For the court to address each and every issue raised by the parties, weeks of the court's time would be devoted solely to this case of unseemly bickering and unprofessional conduct. The case has been unnecessarily delayed and the expense unreasonably increased as counsel for the parties have engaged in behavior which has been calculated to be dilatory, obstructive, adversarial, and unproductive.

Plaintiff's complaint was filed on April 26, 1996, alleging causes of action for retaliatory discharge in violation of public policy (worker's compensation), the Americans with Disabilities Act and the Family and Medical Leave Act, as well as a common law cause of action for intentional infliction of emotional distress. Plaintiff served his first interrogatories and requests for production of documents on June 19, 1996. The parties held their planning meeting under Fed.R.Civ.P. 26(f) on August 12, 1996. The court held a scheduling conference pursuant to Fed. R.Civ.P. 16(b), on August 21, 1996, with a formal order being entered on August 22, 1996. Defendant originally served its responses to plaintiff's discovery requests on August 20, 1996, with defendant's counsel verifying the interrogatory answers. Thereafter, on or about September 26, 1996, plaintiff's counsel, Scott C. Bloch, wrote a letter to defendant's counsel, William G. Haynes, addressing various objections to the responses served. After an exchange of correspondence, an amended response by defendant to plaintiff's discovery was served on November 11, 1996, with the same responses but with verification by a corporate officer or agent. This motion was filed on December 10, 1996. At a pretrial conference before the court on January 23, 1997, the court urged counsel to reconsider positions previously taken in their discovery disputes, but the issues in the pending motion were not resolved.

The court first notes violation by plaintiff of Fed.R.Civ.P. 26(d) which prohibits the parties from seeking discovery until after the parties have held a planning meeting under Fed.R.Civ.P. 26(f). Plaintiff served his initial discovery on June 19, 1996, almost two months prior to the planning meeting.

Next, the court notes plaintiff's failure to comply with Paragraph "1" of the Scheduling Order which provides:

> Motions to compel discovery with accompanying memoranda and in compliance with D. Kan. Rules 7.1 and 37.1 shall be filed and served within 30 days of the default or the service of the response, answer, or objection which is the subject of the motion, unless the time for the filing of such motion is extended for good cause shown, or the objection to the default, response, answer, or objection shall be waived.

Plaintiff did not even attempt to address the objections set forth by the defendant in its responses to the interrogatories and requests for production for more than 30 days following the service of the responses. Notwithstanding, the court determines to rule on the merits of the discovery disputes in this case because failure to do so would unfairly encourage the type of discovery abuse exhibited in this case.

**Interrogatories**

■ Interrogatory No. 2 requests basic, standard, factual information concerning the plaintiff's employment history with the defendant, related to job positions, job duties, hourly compensation, average hours worked per week and fringe benefits available to plaintiff, with the value of such benefits. Defendant's answer was as follows:

> Objection as irrelevant and immaterial and will not lead to any relevant evidence bearing on the issues in this case.

> The title of each position held by plaintiff and the dates he held each position are included within his personnel file (Bates 200001–307), attached hereto. His hourly rate of compensation from the date of his employment to the present date will be furnished at a mutually agreeable date and time.

■ The objection as to the relevance of the requested information is frivolous and without any merit whatsoever. Defendant, apparently in an effort to utilize the provisions of Fed.R.Civ.P. 33(d), referred plaintiff to approximately 307 pages from plaintiff's personnel file to identify the title of positions held by plaintiff along with the dates the positions were held. Defendant also suggested that the plaintiff's hourly rates of compensation from the date of his employment would be furnished · at a mutually agreed date and time. "Under the guise of Fed.R.Civ.P. 33(d) [a party] may not simply refer generically to past or future production of documents." *Pulsecard, Inc. v. Discover Card Services, Inc. et al.,* 1996 WL 397567 (D.Kan.1996)(quoting *Audiotext Communications Network, Inc. v. U.S. Telecom, Inc.,* 1995 WL 625953, at *6 [D. Kan.1995] ). "The responding party may not avoid answers by imposing on the interrogating party a mass of business records from which the answers cannot be ascertained by a person unfamiliar with them." *Id.* (quoting R.W. *Thomas Constr. Mgmt. Co. v. Corrugated Servs., Inc.,* 1995 WL 592539 (E.D.Pa.1995)). The responding party may not simply refer to a mass of records. *Id.* (citing *Thompson v. Glenmede Trust Co.,* 1995 WL 752443 [E.D.Pa.1995] ). To rely on Fed.R.Civ.P. 33(d), the responding party must specifically identify which documents contain the requested *information* in its answer to the interrogatory. If the party cannot comply with these requirements, it must otherwise answer the interrogatory fully and completely. *Id.*

Defendant's answer does not comply with the requirements of Fed.R.Civ.P. 33(d). It is not a proper answer to an interrogatory that information will be produced at a time to be mutually agreed between the parties.

■ Interrogatory No. 5 requests information concerning the current rates of compensation and value of benefits to which plaintiff would have been entitled had he remained employed by the defendant. After referring to its answer to Interrogatory No. 2, defendant provided certain information, but deferred providing other facts until a mutually agreeable date and time. Again,

defendant's response offering to provide facts at a date and time to be agreed by the parties does not answer the interrogatory. The reference to its answer to Interrogatory No. 2 does not provide the requested facts. This answer is deficient for the same reasons as the answer to Interrogatory No. 2. The assertion of an objection to Interrogatory No. 5 requesting facts clearly relevant to the issues in the case demonstrates the defendant's obstructionist attitude toward discovery in this case.

■ In response to the motion, defendant argues that the facts requested by Interrogatory Nos. 2 and 5 were provided to the plaintiff at a deposition of one of defendant's employees on December 11, 1996. Providing information through a deposition does not satisfy the requirements of Fed.R.Civ.P. 33 and does not answer an interrogatory. Plaintiff is entitled to defendant's answer to the interrogatories submitted. Defendant offers no explanation as to why the requested information was not provided for almost four months after the original answers to the interrogatories were served. The requested facts are basic information which was easily available to the defendant and is required in almost every employment case. The original deadline for answering these interrogatories had been September 26, 1996. This part of the case was delayed by the defendant for almost four months without explanation or excuse. The motion as to these interrogatories is granted.

■ Interrogatory No. 7 requests the names, positions, addresses and phone numbers of all persons who made any decision or had any input into any decision to grant or deny plaintiff's claim for worker's compensation. Interrogatory No. 8 requests the reasons for · the denial of plaintiff's claim for worker's compensation, along with an identification of each person who participated in such decision and an identification of the documents related to such denial. Defendant responded to these interrogatories by stating that there were no persons who made a decision to grant or deny the plaintiff's claim for worker's compensation because the matter was simply forwarded to counsel who represented the defendant with regard to

plaintiff's claim. The court finds that defendant's responses to the interrogatories are evasive and without legal merit. When a claim for worker's compensation is submitted, the defendant can either contest the claim or commence payments. In this case, defendant contested the claim. If the decision to contest the claim was made by an employee of defendant, the answer should so reflect. If counsel for defendant made that decision, counsel making the decision must be identified. Persons who participated in the decision must be identified, notwithstanding. The action taken with respect to the worker's compensation claim, as well as the identification of the persons involved in such action, is discoverable in a case wherein plaintiff claims that retaliatory action was taken against him, due to the filing of a worker's compensation claim. The motion as to these interrogatories is granted.

■ Interrogatory No. 11 requests the names, addresses, phone numbers and reasons for leaves of absence related to all persons who received such leaves at the Kmart Distribution Center in Lawrence, Kansas, for the previous five years. Defendant objected on the grounds of relevance and the burdensomeness and oppressiveness of providing the requested information. While the defendant claimed that the response to the interrogatory would require it to review the personnel files of all employees in the Lawrence distribution center, it has not established the burdensomeness of such a request. The objecting party has the burden to substantiate its objections. *Peat, Marwick, Mitchell & Co. v. West,* 748 F.2d 540 (10th Cir.1984), *cert. dismissed,* 469 U.S. 1199, 105 S.Ct. 983, 83 L.Ed.2d 984 (1985). The litany of overly burdensome, oppressive, and irrelevant does not alone constitute a successful objection to a discovery request. *Employers Commercial Union Insurance Company of America, et. al.,* 1993 WL 210012 (D.Kan.1993); *Roesberg v. Johns–Manville Corp.,* 85 F.R.D. 292 (E.D.Pa.1980). The objecting party must show specifically how each discovery request is burdensome or oppressive by submitting affidavits or offering evidence revealing the

nature of the burden. *Employers Commercial Union Insurance Company of America,* 1993 WL 210012 at *2. While a party may be required to expend a substantial period of time in responding to a discovery request, an unsubstantiated allegation that a substantial period of time would be required to respond to the request does not carry the objecting party's burden. Discovery requests in every case require a significant amount of time for response. Defendant's objections on these grounds are unsupported by an affidavit or specific facts. The motion as to this interrogatory is granted.

■ Interrogatory No. 17 requires a statement of the costs incurred by defendant during the previous five years for administration of its worker's compensation benefits by distribution centers and stores and identification of persons responsible for tracking the costs. Defendant initially objected on the grounds of relevance and burdensomeness. Defendant finally identified, in a letter dated October 3, 1996, the person responsible for administration of its worker's compensation claims and agreed to make available all documents showing defendant's costs for such claims. Apparently, the documents related to the worker's compensation costs were produced at a deposition of one of defendant's employees on December 11, 1996. The court is unable to determine what has or has not been produced in response to Interrogatory No. 17, in that plaintiff alleges that the defendant has refused to provide the costs on a company-wide basis, choosing to provide only the costs for the distribution centers.[1] On the other hand, the defendant alleges that documents reflecting the company-wide worker's compensation costs were produced on December 11, 1996.[2] The interrogatory remains unanswered notwithstanding production of documents from which certain of the requested facts may have been obtained. The motion as to this interrogatory is granted.

Defendant shall answer Interrogatory Nos. 2, 5, 7, 8, 11 and 17 within 20 days of the date of the filing of this order.

---

**1.** Plaintiff's motion at 17.

**2.** Defendant's response at 9.

## Requests for Production

■ Request No. 8 seeks records related to employees who had been terminated in the previous five years, and who, before such termination, claimed a work-related injury. Defendant objects to this request on the grounds that the records it seeks are irrelevant and immaterial and production would be burdensome and oppressive. Defendant did provide the names and addresses of employees who had been so terminated on November 25, 1996, approximately three months after the original responses were served.

Defendant makes no effort to establish the burdensomeness of the request. Defendant attempts to limit the request for production to the Lawrence distribution center. However, defendant makes no argument and cites no authority in support of its objection and related to its unilateral determination of the employing unit for which production would be made. The relevance of such records is clear. Defendant has failed to meet its burden substantiating its objections. The motion as to this request is granted.

■ Request Nos. 11 and 12 seek copies of all petitions or complaints filed against the defendant during the preceding five years, claiming that it violated state worker's compensation laws or terminated employees for pursuing rights protected by those laws and alleging that the defendant has violated the Americans with Disabilities Act and Family and Medical Leave Act. Defendant objected to these requests but stated that there were no such complaints previously filed against the company. Plaintiff challenges the defendant's position concerning the fact that no such proceedings have been filed but does not provide any evidence of such proceedings. The court is unable to compel defendant to respond with copies of documents, when the defendant contends that the documents do not exist and the court has no evidence to the contrary. As to defendant's objections that the requests seek documents that are immaterial and irrelevant, and that production would be burdensome and oppressive, the objections are overruled. Defendant's response that there are no such complaints will remain until supplemented by the defendant or until plaintiff offers evidence to the contrary. The motion as to these requests is overruled.

■ Request No. 14 seeks all documents related to plaintiff's benefits during the course of his employment. Apparently, there has been a partial production of documents but, as of December 10, 1996, the defendant had not produced all of the requested documents. These are documents readily available to the defendant and generally produced promptly during the course of discovery in cases such as the pending case. Defendant has offered no explanation for its delay in the production of these documents. The motion as to this request is granted.

■ Request No. 15 seeks witness statements. Defendant, by response, agreed to produce such documents at a mutually agreed date. Defendant asserts that these documents were produced on October 14, 1996, but plaintiff seems to believe that all such statements have not been produced. Plaintiff proffers no support for his belief, other than a statement of such. The motion as to this request appears to be moot.

Defendant shall produce the documents responsive to Request For Production Nos. 8 and 14, within 20 days of the date of the filing of this order.

## Disclosures

Plaintiff claims that defendant has failed to produce certain information which should have been produced in defendant's Fed. R.Civ.P. 26(a) disclosures. Defendant does not directly address plaintiff's claim. Therefore, defendant shall supplement its disclosures to comply with Fed. R. Civ. P. 26(a) within 20 days of the date of the filing of this order.

## Depositions

■ The remaining issues relate to various depositions taken by the plaintiff and plaintiff's claim that defendant's counsel obstructed the course of the depositions by argumentative objections and instructions not to answer. Fed.R.Civ.P. 30(c) provides:

Examination and cross-examination of witnesses may proceed as permitted at the trial under the provisions of the Federal Rules of Evidence .... [a]ll objections

made at the time of the examination ... shall be noted ... upon the record of the deposition; but the examination shall proceed, with the testimony being taken subject to the objections.

Fed.R.Civ.P. 30(d) states:

(1) Any objection to evidence during a deposition shall be stated concisely and in a non-argumentative and non-suggestive manner. A party may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation on evidence directed by the court, or to present a motion under paragraph (3).

(2) By order or local rule, the court may ... shall allow additional time ... if the deponent or another party impedes or delays the examination. If the court finds such an impediment, delay, or other conduct that has frustrated the fair examination of the deponent, it may impose upon the persons responsible an appropriate sanction, including the reasonable costs and attorney's fees incurred by any parties as a result thereof.

(3) At any time during a deposition, on motion of a party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court ... may order the officer conducting the examination to cease forthwith from taking the deposition, or may limit the scope and manner of the taking of the deposition as provided in Rule 26(c). If the order made terminates the examination, it shall be resumed thereafter only upon the order of the court in which the action is pending. Upon demand of the objecting party or deponent, the taking of the deposition shall be suspended for the time necessary to make a motion for an order. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

Numerous violations of Fed.R.Civ.P. 30 by Mr. Haynes are found in the proffered depositions. For example, during the deposition of witness Michael Virgilio, Mr. Haynes repeatedly interrupted the depositions. Mr. Haynes instructed the witness not to answer a question which Mr. Haynes believed had been previously answered (p. 64). Mr. Haynes interrupted the deposition in mid-question, objected to the assumption of facts by the witness, and advised the witness that he was not obligated to assume facts (p. 65).[3] The transcript contains almost four pages of argument between counsel concerning this issue. Mr. Haynes threatened to terminate the deposition (p.68). Again, at page 83, there was argument between counsel with Mr. Haynes interrupting the deposition and coaching the witness. Argument on this subject followed for approximately six pages. Two pages later, Mr. Haynes again interrupted the deposition, this time arguing about the testimony of another witness (p. 90). Two pages of argument ensued. Mr. Haynes, subsequently, interrupted the examination in mid-question, arguing about the testimony of a prior witness which was contained in the preface of a question (p. 95).

The portions of the deposition transcripts submitted of other witnesses are also replete with argument between counsel, threats to terminate the deposition and threats to pursue sanctions. There is no question but that the expense of the depositions was increased by both counsels' refusal to comply with the rules related to the taking of depositions. The conduct of both counsel, as demonstrated by the portions of the depositions supplied to the court, is less than commendable. Counsel argued and bickered extending the length of the depositions, wasting the witnesses' time, increasing the cost of the depositions to their clients and ultimately consuming the court's time. The conduct can simply best be described as unprofessional.

It is not uncommon for attorneys to engage in some innocuous argument during the course of a deposition, however, what occurred during the depositions presented to the court goes well beyond the professional standards expected by the court and the admonitions of Fed.R.Civ.P. 30(c) and (d).

---

**3.** On cross-examination Mr. Haynes himself asked the same witness to assume facts for the purpose of his question to the witness.

The key to deposition practice is set out in Fed.R.Civ.P. 30(c) which provides that examination and cross-examination of witnesses may proceed as permitted at the trial. Objections at the time of the examination to any aspect of the conduct of the deposition are to be noted in the record, but the examination is to proceed with the testimony taken subject to the objections. Pursuant to Fed.R.Civ.P. 30(d), objections to the evidence shall be stated concisely and in a non-argumentative and non-suggestive manner. A deponent may be instructed not to answer a question only when it is necessary to preserve a privilege or to enforce a limitation on evidence directed by the court, or to present a motion for a protective order as to the manner in which the deposition is being taken. *Resolution Trust Corporation v. Dabney, et al.,* 73 F.3d 262 (10th Cir.1995). Counsel for the defendant has disregarded all of these procedures. Counsel for the plaintiff obviously was drawn into the argumentative nature of the objections and contributed in a material way to the continuation of the argument.

The court has reviewed the questions to which no answer was made and does not find that relevant inquiry was precluded generally. The court, therefore, finds resumption of the depositions in issue unwarranted, with the exception of Martha Engnehl, whose deposition shall be resumed for inquiry concerning documents not produced prior to her deposition.

The conduct of Mr. Haynes, related to the discovery in issue, was so obstructive and violative of the rules that it cannot be ignored.[4] Therefore, sanctions are appropriate against Mr. Haynes on this motion and the conduct exemplified in order to punish the offending conduct and to deter future similar conduct. The court is considering sanctions under D. Kan. Rule 11.1, Fed.R.Civ.P. 37, 28 U.S.C.1927 and the inherent power of the court, including payment of attorney's fees to plaintiff's counsel and payment of sanctions to the court for its time in reviewing these disputes. In some cases, the court could review the depositions taken and determine

what proportion of the deposition expense was related to counsel's violation of the rules. The court is unable to make this determination on the record presented to the court. The court will, however, defer its determination of the type and amount of the sanctions it will impose against Mr. Haynes until the court has considered all pending discovery matters. At that time, an additional order will be issued by the court encompassing all sanctions issues.

In summary, Plaintiff's First Motion to Compel, for Protective Order and for Sanctions (doc. 75) is granted in part, overruled in part.

IT IS SO ORDERED.

---

4. The court finds it noteworthy that the Honorable Thomas Marten, in *Sinclair v. Kmart Corporation,* 1996 WL 748038 (D.Kan. Dec. 1996), ordered the retaking of a deposition which had been unfairly impeded by the repeated interruptions of Mr. Haynes.