**ST. PAUL REINSURANCE COMPANY, LTD., CNA Reinsurance Company, Ltd., and Zurich Reinsurance (London) Limited, Plaintiffs,**

v.

**COMMERCIAL FINANCIAL CORP., Defendant,**

**Commercial Financial Corp. and Security State Bank, Counterclaim Plaintiffs,**

v.

**St. Paul Reinsurance Company, Ltd., CNA Reinsurance Company, Ltd., Zurich Reinsurance (London) Limited, Professional Claims Managers, Inc., and U.S. Risk Underwriters, Inc., Counterclaim Defendants.**

No. C00–4080.

United States District Court,
N.D. Iowa,
Western Division.

Nov. 22, 2000.

**MEMORANDUM OPINION AND ORDER REGARDING COURT'S *SUA SPONTE* IMPOSITION OF SANCTIONS**

BENNETT, Chief Judge.

Anatole France, a late 19th and early 20th century French writer, urbane critic and Nobel Prize winner penned: "It is human nature to think wisely and to act in an absurd fashion." [1] Little could France foresee that he would decades later capture the essence of plaintiffs' counsel's "Rambo" style discovery tactics in this litigation.

## I. INTRODUCTION

This matter is before court on its own initiative. On October 4, 2000, defendant Commercial Financial Corp. ("CFC") filed a Motion for Expedited Relief Pursuant to Federal Rule of Civil Procedure 57. In support of its motion and request that trial be set for an available day immediately after the court rules on its motion for summary judgment, CFC recounted a discovery objection asserted by plaintiffs St. Paul Reinsurance Company, Ltd., CNA Reinsurance Company,

---

1. Anatole France (1844–1924)—pseudonym for Jacques Anatole Francois Thibault—was one of the major figures of French literature in the late 19th and early 20th centuries. He was awarded the Nobel Prize for Literature in 1921. *See* <http://www.kirjasto.sci.fi/afrance.htm>. Other variations of the aphorism include: "It is human nature to think wisely and act foolishly;" and "It is in human nature to think wisely and to act in an absurd fashion."

Ltd., and Zurich Reinsurance (London) Limited ("plaintiffs") in this case to demonstrate to the court that plaintiffs intend to make every issue as burdensome as possible for CFC, thus justifying CFC's Motion for Expedited Relief. As a result, the court became aware of the objections to the discovery requests asserted by the plaintiffs in this case. In almost every respect, as will be demonstrated below, each objection asserted by the plaintiffs is boilerplate, obstructionist, frivolous, overbroad, and, significantly, contrary to well-established and long standing federal law. This court will not tolerate such an egregious abuse of the discovery process. Therefore, in order to curb the abuse of discovery in this case, the court has taken up this matter *sua sponte* pursuant to Rule 26(g) of the Federal Rules of Civil Procedure.

## II. LEGAL ANALYSIS

### A. Scope of Discovery

The scope of discoverable information is delineated in Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(1) provides in relevant part:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if information sought appears reasonably calculated to lead to the discovery of admissible evidence.

FED.R.CIV.P. 26(b)(1). In order to fulfill discovery's purposes of providing both parties with "information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement," the discovery rules mandate a liberality in the scope of discoverable material. *Jochims v. Isuzu Motors, Ltd.,* 145 F.R.D. 507, 509

(S.D.Iowa 1992) (citing *In re Hawaii Corp.,* 88 F.R.D. 518, 524 (D.Haw.1980)); *see also Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 34, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984) ("Liberal discovery is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes."); *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978); *SDI Operating Partnership, L.P. v. Neuwirth,* 973 F.2d 652 (8th Cir.1992); *Lozano v. Maryland Casualty Co.,* 850 F.2d 1470, 1472 (11th Cir.1988); *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 756 F.2d 230, 236 (2d Cir.1985); *Miller v. Pancucci,* 141 F.R.D. 292, 298 (C.D.Cal.1992) (stating that the federal policy of discovery is a liberal one). Thus, as long as the parties request information or documents relevant to the claims at issue in the case, and such requests are tendered in good faith and are not unduly burdensome, discovery shall proceed. *M. Berenson Co., Inc. v. Faneuil Hall Marketplace, Inc.,* 103 F.R.D. 635, 637 (D.Mass.1984).

The party resisting production bears the burden of establishing lack of relevancy or undue burden. *Oleson v. Kmart Corp.,* 175 F.R.D. 560, 565 (D.Kan.1997) ("The objecting party has the burden to substantiate its objections.") (citing *Peat, Marwick, Mitchell & Co. v. West,* 748 F.2d 540 (10th Cir.1984), *cert. dismissed,* 469 U.S. 1199, 105 S.Ct. 983, 83 L.Ed.2d 984 (1985)); *accord G–69 v. Degnan,* 130 F.R.D. 326, 331 (D.N.J.1990); *Flora v. Hamilton,* 81 F.R.D. 576, 578 (M.D.N.C.1978). The party must demonstrate to the court "that the requested documents either do not come within the broad scope of relevance defined pursuant to Fed.R.Civ.P. 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure...." *Burke v. New York City Police Department,* 115 F.R.D. 220, 224 (S.D.N.Y. 1987). Further, the "mere statement by a party that the interrogatory [or request for production] was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." *Josephs v.*

*Harris Corp.*, 677 F.2d 985, 992 (3d Cir.1982) (quoting *Roesberg v. Johns–Manville Corp.*, 85 F.R.D. 292, 296–97 (E.D.Pa.1980)); *see also Oleson*, 175 F.R.D. 560, 565 ("The litany of overly burdensome, oppressive, and irrelevant does not alone constitute a successful objection to a discovery request.") (citation omitted). "On the contrary, the party resisting discovery 'must show specifically how ... each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive.'" *Id.* at 992 (quoting *Roesberg*, 85 F.R.D. at 296–97); *see also Oleson*, 175 F.R.D. 560, 565 ("The objecting party must show specifically how each discovery request is burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."); *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986) (holding that it is not sufficient to merely state a generalized objection, but, rather, objecting party must demonstrate that a particularized harm is likely to occur if the discovery be had by the party seeking it); *Degnan*, 130 F.R.D. at 331 (D.N.J.1990) (same).

In this case, the plaintiffs have failed to sustain their burden of demonstrating that the discovery sought is outside the scope of Rule 26(b)(1). Rather, they have merely asserted boilerplate objections that the discovery sought is vague, ambiguous, overbroad, unduly burdensome, etc ... without specifying how each request for production is deficient and without articulating the particular harm that would accrue if they were required to respond to CFC's discovery requests.

The following objections asserted by plaintiffs in response to one of CFC's discovery requests is illustrative:

DOCUMENT REQUEST NO 1: All documents identified, or relied on, in your answers to Counterclaim Plaintiff's First Set of Interrogatories Directed to Counterclaim Defendant.

OBJECTIONS TO DOCUMENT REQUEST NO. 1: St. Paul objects to this request on the ground that the request is oppressive, burdensome and harassing. St. Paul further objects to this request on the ground that it is vague, ambiguous and unintelligible. St. Paul further objects that the request is overbroad and without reasonable limitation in scope or time frame. St. Paul further objects that the request seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine and/or the joint interest or joint defense privilege. St. Paul further objects to this request on the ground that the request seeks information and documents equally available to the propounding parties from their own records or from records which are equally available to the propounding parties. St. Paul further objects that this request fails to designate the documents to be produced with reasonable particularity.[2]

■ In every respect these objections are text-book examples of what federal courts have routinely deemed to be improper objections. Indeed, an individual examination of the above-mentioned objections is instructive.

**2.** Other examples of the same boilerplate, unsubstantiated, objections asserted by the plaintiffs in response to CFC's document requests include:

DOCUMENT REQUEST NO. 4: All contracts, agreements, or communications of any kind by and/or between you and Iowa Banker's Insurance and Services, Inc.

OBJECTIONS TO DOCUMENT REQUEST NO. 4: St. Paul objects to this request on the ground that the information and documents requested are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. St. Paul further objects that the request is oppressive, burdensome and harassing. St. Paul further objects [to] this request on the ground that it is vague, ambiguous and unintelligible. St. Paul further objects that the request is overbroad and without reasonable limitation in scope of time

frame. St. Paul further objects that this request fails to designate the documents to be produced with reasonable particularity.

DOCUMENT REQUEST NO. 5: All contracts or agreements between you and U.S. Risk Underwriters, Inc.

OBJECTIONS TO DOCUMENT REQUEST NO. 5: St. Paul objects to this request on the ground that the information and documents requested are neither relevant to the subject matter of this action nor reasonably calculated to lead to discovery of admissible evidence. St. Paul further objects that the request is oppressive, burdensome and harassing. St. Paul further objects that the request is overbroad and without reasonable limitation in scope or time frame. St. Paul further objects that this request fails to designate the documents to be produced with reasonable particularity.

The first objection asserted by the plaintiffs to CFC's "Document Request No. 1" is that it is oppressive, burdensome and harassing. Plaintiffs assert these objections, however, without explaining, much less substantiating, how CFC's request is oppressive, burdensome and harassing. *See Redland Soccer Club, Inc. v. Department of the Army,* 55 F.3d 827, 856 (3d Cir.1995) (stating that the mere statement by a party that the interrogatory was overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection to an interrogatory and that instead, the party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive) (citation omitted); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485 (5th Cir.1990) (stating that the "party resisting discovery must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive" and then stating that "[w]e see no reason to distinguish the standards governing responses to interrogatories from those that govern responses to production requests.") (citation omitted). Plaintiffs next object that CFC's document request is vague, ambiguous and unintelligible. Similarly, plaintiffs assert these boilerplate objections and fail to substantiate how CFC's request is vague, ambiguous and unintelligible. *Paulsen v. Case Corp.,* 168 F.R.D. 285, 289 (C.D.Cal.1996); *see also Burns v. Imagine Films Entertainment, Inc.,* 164 F.R.D. 589, 592–93 (W.D.N.Y.1996) (general objections that discovery request was overbroad, vague and unduly burdensome were not sufficiently specific to allow court to ascertain objectionable character of discovery request and were improper); *Chubb Integrated Sys. Ltd. v. National Bank of Washington,* 103 F.R.D. 52, 58 (D.D.C.1984) ("General objections are not useful to the court ruling on a discovery motion. Nor does a general objection fulfill [a party's] burden to explain its objections."). The plaintiffs' third objection to CFC's request is based on the ground that it is overbroad and without reasonable limitation in scope or time frame. Once again, plaintiffs fail to offer any evidence or affidavits in support of these objections. *See Etienne v. Wolverine Tube, Inc.,* 185 F.R.D. 653, 656 (D.Kan.1999) (stating that a party resisting discovery on the grounds that a request is overly broad, including any objection to the temporal scope of the request, has the burden to support its objection, unless the request is overly broad on its face); *accord Hilt v. SFC Inc.,* 170 F.R.D. 182, 186 (D.Kan.1997).

The plaintiffs' fourth objection to CFC's request is based on the ground that it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine and/or the joint interest or joint defense privilege. Initially, the court notes that FED.R.CIV.P. 26(b)(5) requires:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

The plaintiffs' objections fail to satisfy the requirements of Rule 26(b)(5). Specifically, the plaintiffs' boilerplate objections fail to identify the lawyers involved in the conversations, the people present during the conversation, and a description of the nature of the communication sufficient to enable CFC to assess the applicability of the claimed privilege. *See Pham v. Hartford Fire Ins. Co.,* 193 F.R.D. 659, 662 (D.Colo.2000); *see also MMAR Group Inc. v. Dow Jones & Co. Inc.,* 187 F.R.D. 282, 292 n. 6 (S.D.Tex.1999) (describing the assertion of attorney-client privilege and work product doctrine as boilerplate objections); *Athridge v. Aetna Casualty & Surety Co.,* 184 F.R.D. 181, 190 (D.D.C.1998) (stating that such general objections such as attorney-client privilege and work product privilege are disfavored); *Miller v. Pancucci,* 141 F.R.D. 292, 302 (C.D.Cal.1992) (stating that to properly claim attorney-client privilege, the claimant must specifically designate and describe the documents claimed to be

within the scope of the privilege and to be reasonably precise in stating the reasons for preserving their confidentiality) (citing *United States v. Osborn*, 561 F.2d 1334, 1339 (9th Cir.1977)). Moreover, as indicated previously, boilerplate objections are improper. *Miller v. Pancucci*, 141 F.R.D. 292 at 302 (citation omitted). The plaintiffs' fifth objection to CFC's request is based on the ground that it seeks information and documents equally available to the propounding parties from their own records or from records which are equally available to the propounding parties. However, with respect to this objection, courts have unambiguously stated that this exact objection is insufficient to resist a discovery request. *See, e.g., City Consumer Services v. Horne*, 100 F.R.D. 740, 747 (D.Utah 1983) (stating that it is "not usually a ground for objection that the information is equally available to the interrogator or is a matter of public record.") (citing *Petruska v. Johns–Manville*, 83 F.R.D. 32, 35 (E.D.Pa. 1979)); *Associated Wholesale Grocers, Inc. v. U.S.*, 1989 WL 110300, *3 (D.Kan. June 7, 1989) (stating that defendant's argument of equal accessibility is not sufficient to resist discovery) (citing *City Consumer Services*). Nevertheless, plaintiffs assert this meritless ground as a basis for their objection.

The plaintiffs' sixth and final objection to CFC's document request is on the ground that it fails to designate the documents to be produced with reasonable particularity. The court agrees that a request for production of documents must describe the documents requested with "reasonable particularity." *See* FED.R.CIV.P. 34(b) (stating that the request shall be set forth with "reasonable particularity."); *see also Parsons v. Jefferson–Pilot Corp.*, 141 F.R.D. 408, 412 (M.D.N.C.1992) ("Document requests ... must be described with 'reasonable particularity.' "). The test for reasonable particularity is whether the request places the party upon "reasonable notice of what is called for and what is not." *Parsons*, 141 F.R.D. at 412. Therefore, the party requesting the production of documents must provide "sufficient information to enable [the party to whom the request is directed] to identify responsive documents." *Kidwiler v. Progressive Paloverde Insurance Co.*, 192 F.R.D. 193, 202 (N.D.W.Va.2000); *accord Nexxus Products Co. v. CVS New York, Inc.*, 188 F.R.D. 11, 20 (D.Mass.1999). Courts have interpreted the "particularity" requirement to mandate that a responding party be given sufficient information to enable it to identify responsive documents. *See Mallinckrodt Chem. Works v. Goldman, Sachs & Co.*, 58 F.R.D. 348 (S.D.N.Y.1973). Broad and undirected requests for all documents which relate in any way to the complaint are regularly stricken as too ambiguous. *See, e.g., Robbins v. Camden City Bd. of Educ.*, 105 F.R.D. 49, 50 (D.N.J.1985); *Gaison v. Scott*, 59 F.R.D. 347, 353 (D.Haw.1973); *see also Holland v. Muscatine General Hospital*, 971 F.Supp. 385, 392 (S.D.Iowa 1997) (stating that "all papers" relied on in answering an entire set of interrogatories does not describe the documents with the required "reasonable particularity"). Here, however, CFC's document request does not fail the "reasonable particularity" test. CFC's request places the plaintiffs on reasonable notice of what is called for and what is not. Specifically, CFC requested the following from the plaintiffs: "All documents identified, or relied on, in your answers to counterclaim plaintiff's first set of interrogatories directed to counterclaim defendant." While not a model of specificity, this request does place the plaintiffs upon reasonable notice of what is called for and, thus, is not so open-ended as to call simply for documents related to a claim or defense in this action.

As demonstrated, the litany of plaintiffs' boilerplate objections are unsubstantiated because they fail to show specifically how each discovery request is burdensome, oppressive or any of the other grounds upon which they base their objections by submitting affidavits or offering evidence revealing the nature of the objections. Moreover, this is not a case where one, or even two, of the six objections asserted by plaintiffs are obstructionist, boilerplate and improper. Rather, every single objection is obstructionist, boilerplate, frivolous and contrary to federal law. This court will not countenance such abusive discovery tactics.

## B. Sanctions Under Rule 26(g)

Rule 26(g) of the Federal Rules of Civil Procedure imposes on counsel and parties an affirmative duty to conduct pretrial discovery in a responsible manner. *See* FED.R.CIV.P. 26(g), Advisory Committee Notes to 1983 Amendments. Improper discovery requests, responses and objections are governed by Rule 26(g). Specifically, this rule provides, in pertinent part, that:

(2) The signature of the attorney or party constitutes a certification that to the best of the signor's knowledge, information, and belief, formed after a reasonable inquiry, the request, response, or objection is:

(A) consistent with these rules and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law;

(B) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and

(C) not unreasonably or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

\* \* \* \* \* \*

■ (3) If without substantial justification a certification is made in violation of the rule, the court, upon motion or upon its own initiative, shall impose on the person who made the certification, the party upon whose behalf the request ... is made, or both, an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.

FED. R. CIV. P. 26(g); *Perkins v. General Motors Corp.*, 965 F.2d 597 600 (8th Cir. 1992). This Rule allows the court to impose sanctions on the signer of a discovery response when the signing of the response is incomplete, evasive or objectively unreasonable under the circumstances. *Poole v. Textron, Inc.*, 192 F.R.D. 494, 498 (D.Md.2000); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1372 (11th Cir.1997) (stating

that the signature certifies that the filing conforms to the discovery rules is made for proper purpose, and does not impose undue burdens on the opposing party in light of the circumstances of the case); *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1545 (11th Cir.1993), *aff'g Malautea v. Suzuki Motor Corp.*, 148 F.R.D. 362, 374 (S.D.Ga.1991) (upholding Rule 26(g) sanctions for a "pattern of conduct" manifesting improper purpose that consisted of meritless objections to requests as irrelevant or overly burdensome, and partial answers to discovery questions that were evasive and misleading); *accord Project 74 Allentown, Inc. v. Frost*, 143 F.R.D. 77, 84 (E.D.Pa.1992). It is the responses themselves that are the proper object of Rule 26(g) sanctions. *See, e.g., Legault v. Zambarano*, 105 F.3d 24, 28 (1st Cir.1997) (imposing monetary sanction on client and counsel under Rule 26(g) for failure to produce documents responsive to legitimate discovery requests); *Gonsalves v. City of New Bedford*, 168 F.R.D. 102, 114–15 (D.Mass.1996) (imposing $15,000 sanction on counsel for causing client to respond falsely to interrogatories). Moreover, even though defendant CFC in this case did not seek sanctions pursuant to FED. R. CIV. P. 26(g), the court has authority to make a *sua sponte* determination as to whether Rule 26(g) sanctions should be imposed. FED. R. CIV. P. 26(g) ("If a certification is made in violation of the rule, the court, upon motion or upon its own initiative, ...."); *see also Dugan v. Smerwick Sewerage Co.*, 142 F.3d 398, 407 (7th Cir.1998) (stating that Rule 26(g)(3) provides that the court either on its own motion or the motion of a party shall impose an appropriate sanction upon the counsel who made the certification and/or the party he or she represents); *Project 74 Allentown, Inc. v. Frost*, 143 F.R.D. 77, 84 n. 9 (E.D.Pa.1992) ("Even though the parties did not seek sanctions pursuant to FED.R.CIV.P. 26(g) in their Motions, the court has the authority to make a *sua sponte* determination as to whether Rule 26(g) sanctions should be imposed.") (citing *Apex Oil Co. v. Belcher Co. of New York*, 855 F.2d 1009, 1014 (2nd Cir.1988)).

The Advisory Committee Notes explain that "Rule 26(g) imposes an affirmative duty

to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26–37. In addition, Rule 26(g) is designed to curb discovery abuse by explicitly encouraging the imposition of sanctions. The subdivision provides a deterrent to . . . evasion by imposing a certification requirement that obliges each attorney to stop and think about the legitimacy of a discovery request, a response thereto, or an objection. . . ." FED.R.CIV.P. 26(g), Advisory Committee Notes to the 1983 Amendments. Under Rule 26(g), a "signature certifies that the lawyer has made a reasonable effort to assure that the client has provided all the information and documents available to him that are responsive to the discovery demand." *Id.* "What is reasonable is a matter for the Court to decide on the totality of the circumstances." *Id.* "[U]nder Rule 26(g)(2) . . . [the subject of the inquiry] is the thoroughness, accuracy and honesty (as far as counsel can reasonably tell) of the responses and the process through which they have been assembled." *Poole,* 192 F.R.D. 494, 503 (citation omitted). Moreover, Rule 26(g) "mandates that sanctions be imposed on attorneys who fail to meet the standards established in the first portion of 26(g)." *Id.*

 Rule 26(g) explicitly permits a court to require one who violates the Rule to pay the opponent's attorney's fees and costs. Such an order is not, however, the only possible sanction. The Advisory Committee's Notes indicate that the "nature of sanctions is a matter of judicial discretion to be exercised in light of the particular circumstances." FED.R.CIV.P. 26(g), Advisory Committee Notes to the 1983 Amendments. The standard for imposing Rule 26(g) sanctions is objective.[3] The court tests the sig-

ner's certification under an objective standard of reasonableness, except that it may inquire into the signer's actual knowledge and motivation to determine whether a discovery request, response or objection was interposed for an improper purpose. *Oregon RSA No. 6 v. Castle Rock Cellular,* 76 F.3d 1003, 1007 (9th Cir.1996); *accord Zimmerman v. Bishop Estate,* 25 F.3d 784, 790 (9th Cir.), *cert. denied,* 513 U.S. 1043, 115 S.Ct. 637, 130 L.Ed.2d 543 (1994). While there is no requirement that the court find bad faith to find improper purpose, *see Oregon RSA No. 6,* 76 F.3d at 1008, outward behavior that manifests improper purpose may be considered in determining objective improper purpose deserving sanction. *See Townsend v. Holman Consulting Corp.,* 929 F.2d 1358, 1366 (9th Cir.1990) (Rule 11 sanctions).[4] The certification by the signer is tested as of the time the discovery paper is signed. The court must strive to avoid the wisdom of hindsight in determining whether the certification was valid at the time of the signature, and all doubts are to be resolved in favor of the signer. *See, e.g., Bergeson v. Dilworth,* 749 F.Supp. 1555, 1566 (D.Kan. 1990). However, each signing of a new discovery request, response, or objection must be evaluated in light of the totality of the circumstances known at the time of signing. Therefore, the practical import of Rule 26(g) is to require vigilance by counsel throughout the course of the proceeding. *Chapman & Cole v. Itel Container Int'l, B.V.,* 865 F.2d 676 (5th Cir.), *cert. denied,* 493 U.S. 872, 110 S.Ct. 201, 107 L.Ed.2d 155 (1989).

 In this case, the principal signer and sole drafter of the discovery responses is out-of-state counsel.[5] The court finds that under

---

**3.** The objective standard requires that the attorney signing the discovery documents under Rule 26(g)(2) make only a reasonable inquiry into the facts of the case. Counsel need not conduct an exhaustive investigation, but only one that is reasonable under the circumstances. Relevant circumstances may include: (1) the number and complexity of the issues; (2) the location, nature, number and availability of potentially relevant witnesses or documents; (3) the extent of past working relationships between the attorney and the client, particularly in related or similar litigation; and (4) the time available to conduct an

investigation. *Dixon v. Certainteed Corp.,* 164 F.R.D. 685, 691 (D.Kan.1996).

**4.** "The standards for granting a Motion for Rule 26(g) sanctions are the same as the standards for granting a Motion for sanctions pursuant to Rule 11." *Project 74 Allentown, Inc. v. Frost,* 143 F.R.D. 77, 84 (E.D.Pa.1992).

**5.** Although local counsel is not being sanctioned, the court notes that, as a signer of the discovery responses, he had an equal obligation to prevent the assertion of such boilerplate, obstructionist,

an objective standard of reasonableness, counsel's certification of the objections he asserted on behalf of the plaintiffs plummet far below any objective standard of reasonableness. Indeed, every single objection is not only obstructionist and frivolous, but, as demonstrated above, is contrary to the Federal Rules of Evidence and well-established federal law. Under an objective standard, therefore, these objections unequivocally demonstrate plaintiffs' obstructionist attitude towards discovery in this case and further indicate to the court that they were interposed for an improper purpose. *See* FED. R.CIV.P. 26(g) (providing that the signature of the attorney certifies that the objection is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation); *see also United States v. Kouri–Perez*, 187 F.3d 1, 6 (1st Cir.1999) (stating that Rule 26(g) forbids the interposition of a discovery request by counsel "for any improper purpose, such as to harass," FED. R.CIV.P. 26(g), and empowers the court to impose an "appropriate sanction" for its violation). In delving into counsel's motivation for asserting these objections, however, the court understands that frustration prompted him to assert these objections. Counsel explained in a hearing held on October 16, 2000, that he raised these objections "purely to reserve our positions," and further explained:

What occurred was that once we saw how contentious the case was, how difficult the case was, we knew we had to get counsel who was right there in Sioux City. We went ahead and contacted [local counsel] at that point. We were in a bit of a tizzy, and we saw how very broad these requests were. We were sort of caught between counsel, and in some jurisdictions, Your Honor—I'm not saying that you think it's correct—but in some jurisdictions putting in general objections is something that's okay if you intend to amend those responses once you get yourself set. We were having some difficulty on agreeing on deadlines and extensions at that point.

Tr. 32–33. While the court finds the objections asserted by counsel to be obstructionist, frivolous and deplorable, the court finds counsel's explanation for asserting these objections believable, but not justifiable. This is so, notwithstanding that several of the discovery requests propounded by CFC were, themselves, unreasonably broad and vague. *See Etienne*, 185 F.R.D. 653, 656 (stating that a party resisting discovery on the grounds that a request is overly broad has the burden to support its objection, unless the request is overly broad on its face). CFC's broad based requests did not give counsel carte blanche to assert such boilerplate and obstructionist objections. This court will not tolerate these type of objections because not only do they disrespect the judicial process, but such objections thwart discovery's purpose of providing both parties with "information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement". *Jochims*, 145 F.R.D. 507, 509. The ability to conduct full, fair and thorough discovery goes to the heart and soul of our civil justice system. "Rambo" style obstructionist discovery tactics like those employed here, if not stopped dead in their tracks by appropriate sanctions, have a virus like potential to corrupt the fairness of our civil justice system.

In this light, abuse of the discovery process is a very serious matter. Indeed, these objections are some of the most obstructionist, frivolous objections to discovery that the undersigned has seen either in the practice of law, as a United States Magistrate Judge or as a United States District Court Judge. Because of the obstructionist nature of these objections, the court is obligated to impose sanctions. *See* FED.R.CIV.P. 26(g)(3) (providing that if without substantial justification a certification is made in violation of Rule 26, the court *shall* impose an appropriate sanction) (emphasis added). The court, however, will not impose a monetary fine on counsel; rather, the court understands that counsel asserted these objections in large part due to frustration, and, consequently, the court will craft its own, less severe, sanction. *See* FED.R.CIV.P. 26(g), Advisory Committee Notes to the 1983 Amendments (providing

frivolous, and overbroad objections, which are

contrary to well-established federal law.

that the nature of sanctions is a matter of judicial discretion to be exercised in light of the particular circumstances). Accordingly, counsel shall be required to write an article explaining why it is improper to assert the objections that he asserted in this case. Counsel shall submit the article to both a New York and Iowa bar journal (as distinguished from a law review), however, he is not required to mention in the article that it was written pursuant to a sanction order. Counsel shall have 120 days from December 1, 2000, in which to comply with this order. In addition, counsel shall submit an affidavit stating that he alone researched, wrote, and submitted the article for publication, indicating which journals he submitted the article to, as well as submitting a copy of the article to this court. Failure to comply with this order, by no later than April 9, 2001, may result in further sanctions.

## III. CONCLUSION

The question of whether plaintiffs' counsel's action in filing obstructionist discovery responses warrants sanctions pursuant to Federal Rule of Civil Procedure 26(g) is before the court *sua sponte*. Based on the foregoing reasons, the court concludes that an appropriate non-monetary sanction, as outlined above, is warranted.

**IT IS SO ORDERED.**