**Roger D. KOOIMA d/b/a Triple K Industries, Plaintiff,**

v.

**ZACKLIFT INTERNATIONAL, INC., and Stanley E. Zackovich, Defendants.**

No. CIV.01–4078.

United States District Court,
D. South Dakota,
Southern Division.

Aug. 20, 2002.

Melissa Carol Hinton, Eric C. Schulte, Davenport, Evans, Hurwitz & Smith, Sioux Falls, SD, Edmund J. Sease, Mark D. Hansing, Jeffrey D. Harty, Ronald M. Sotak, R. Scott Johnson, McKee, Voorhees & Sease PLC, Des Moines, IA, for plaintiff.

A. Russell Janklow, Ronald A. Parsons, Jr., Johnson, Heidepriem, Miner, Marlow & Janklow, Sioux Falls, SD, James R. Uhlir, Bradley T. Fox, Steven V. Gibbons, Christensen, O'Connor, Johnson & Kindness, Timothy L. Boller, Seed Intell Property Law Grp, Brian G. Bodine, Davis Wright Tremaine, LLP, Seattle, WA, for defendants.

## ORDER ON PENDING MOTIONS

SIMKO, United States Magistrate Judge.

Pending are Defendants' Motion for Order Requiring Plaintiff to Show Cause Why He Should Not Be Held In Contempt and Sanctioned for Violating the Protective Order (Doc. 105) and Defendants' Motion for Order Compelling Production of Documents and Privilege Log (Doc. 116). For the reasons more fully explained below, both motions are GRANTED in part and DENIED in part.

### *BACKGROUND*

**Protective Order**

Plaintiff filed this lawsuit in April, 2001, alleging Defendants infringed upon Plaintiff's patent for a device designed to attach a towing apparatus to a tractor. In November, 2001, the parties agreed to the terms of a Protective Order (Doc. 29) and the Court adopted the parties' stipulated Order on November 27, 2001 (Doc. 30). According to the terms of the Protective Order, the parties could protect information/documents produced in connection with the lawsuit by designating such information/documents as "Confidential" or "Confidential–Attorney's Eyes Only." Access to "Confidential" information is restricted to several categories of people. Access to "Confidential–Attorney's Eyes Only" information is also restricted to several categories of people, but even people who fall into some of the categories cannot see the information/documents until prior written notice is given to the designating party, allowing the designating party "to obtain adequate protection" of the information/documents "either by agreement or by application to the Court."

The Defendant employed an expert named Scott Hampton, and Mr. Hampton prepared a Preliminary Damage Report dated March 2, 2002. This Preliminary Damage Report was forwarded to counsel for Plaintiff. The cover page of the report contained no designation as "Confidential" or "Confidential–Attorney's Eyes Only." The following phrase appears in the upper right hand corner of pages 2–19 of the report, in the same size and style type as the report itself: "Subject to a Protective Order Confidential–Attorney's Eyes Only." The notation is italicized, as is the title of the report, which appears in the upper left hand corner of each page. The attachments to the report, including Mr. Hampton's curriculum vitae, his list of publications, his prior testimony, his hourly rates, and the documents (Exhibits D–I) illustrating his opinions, are not designated as "Confidential" or "Confidential–Attorney's Eyes Only." Plaintiff's counsel, Mr. Edmund Sease, received a copy of the Preliminary Damage Report and attachments and, seeing no designation on the cover page, directed that it be sent to his client, Mr. Kooima. Also enclosed in Mr. Sease's correspondence to Mr. Kooima was a copy of Joseph Gemini's report. Mr. Gemini is the expert retained by the Plaintiff, Mr. Kooima. Mr. Sease, again seeing no designation on the cover page, also forwarded a copy of Mr. Hampton's rebuttal report to Mr. Kooima. Defendant alleges all these expert reports contained sensitive information that was properly designated "Confidential–Attorney's Eyes Only" and should not have been revealed to Mr. Kooima, Defendant's direct competitor, without prior written notice as provided in the Protective Order. Upon being notified that Defendant believed the Protective Order had been violated, Mr. Sease contacted Mr. Kooima and retrieved the subject documents.

Mr. Kooima has sworn upon his oath that he had not thoroughly reviewed the documents before he returned them to Mr. Sease, and did not retain copies of them.

■■■ Based on the disclosure of the two Hampton reports and the Gemini report to Mr. Kooima, Defendant moves for dismissal of Mr. Kooima's lawsuit, or in the alternative for the imposition of sanctions. "To be sure, a district court's discretion in sanctioning litigants is not unfettered-particularly where the draconian sanction of dismissal is imposed ... a dismissal with prejudice is a harsh sanction which should usually be employed only in extreme situations, where there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable." *Marrocco v. General Motors Corp.*, 966 F.2d 220, 223–24 (7th Cir.1992). The Eighth Circuit has noted, "the opportunity to be heard is a litigant's most precious right and should sparingly be denied." *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1020 (8th Cir.1999) (internal punctuation and citations omitted). The circumstances of this case do not warrant dismissal. While Plaintiff's counsel should have reviewed the experts' reports more carefully before forwarding them to Mr. Kooima, Defendant is likewise not entirely blameless. The report, and pages that were designated as "Confidential–Attorney's Eyes Only," were not conspicuously marked as confidential. Neither will Mr. Kooima be precluded from testifying at trial. Of course, if Plaintiff's counsel wishes to pursue the argument that the terms of the Protective Order allow Mr. Kooima to see the disputed documents, the procedures outlined in the Protective Order must be followed to determine whether that is the case. To the extent it seeks dismissal of this lawsuit or the preclusion of Mr. Kooima's testimony, Defendant's Motion For Order Requiring Plaintiff to Show Cause Why He Should Not Be Held in Contempt and Sanctioned for Violating the Protective Order is DENIED. Because this dispute could have easily been avoided if Plaintiff's counsel had more carefully reviewed his mail, however, Defendant's request for reasonable fees and costs in preparing the motion is GRANTED, subject to defense counsel's proper submission of an Affidavit supporting such fees and costs.

## Motion to Compel or for Privilege Log

Plaintiff has designated himself as an expert witness in this matter. The exact scope of his expert testimony is disputed (Plaintiff claims he is not a damages expert, Defendant claims he is). Defendant propounded its Third Set of Request for Production of Documents and Things to Plaintiff, and is not satisfied with Plaintiff's responses to the same. Specifically, Defendant is dissatisfied with Plaintiff's responses to Document Request Nos. 38–43. Request Nos. 38–40 seek documents relating to communications between Plaintiff and the experts, documents relied upon or considered by experts, and expert reports, notes and drafts. Request Nos. 41–43 seek documents exchanged between Plaintiff and his attorneys, documents exchanged between the Plaintiff and his attorneys relating to the patents-in-suit, and documents regarding communications between Plaintiff and his attorneys. Plaintiff objected to each request, citing attorney-client privilege and the work product doctrine, and as being overly broad and unduly burdensome. Plaintiff also objected to Request Nos. 41–43 as being vague and ambiguous. Defendants contend the request for production of documents regarding documents exchanged and communications between Plaintiff has his lawyers is justified, because Plaintiff has named himself as an expert, and communications between experts and lawyers are discoverable.

Plaintiff's boilerplate objections are unacceptable. The lawyers are encouraged to carefully read *St. Paul Reinsurance Co. v. Commercial Financial Corp.*, 198 F.R.D. 508 (N.D.Iowa 2000). "[T]he party resisting discovery must show specifically how each interrogatory or request for production is not relevant or how each question is overly broad, burdensome or oppressive." *Id.* at 512 (internal punctuation and citations omitted). That said, the merits of the parties' positions will be examined.

■■■ As a general rule, "the 1993 amendments to Rule 26 of the Federal Rules of Civil Procedure make clear that documents

and information disclosed to a testifying expert in connection with his testimony are discoverable by the opposing party, whether or not the expert relies on the documents and information in preparing his report." *In Re Pioneer Hi–Bred International, Inc.,* 238 F.3d 1370, 1375 (Fed.Cir.2001). This includes correspondence between counsel and the expert witness. *Id.* Because Plaintiff has designated himself as an expert, therefore, all documents and information disclosed to him (including correspondence from his attorneys) in connection with his anticipated expert testimony are discoverable. Plaintiff claims all such documents have been produced, and any documents or correspondence exchanged between him and counsel that have not been produced do not pertain to his anticipated expert testimony, and/or are protected by attorney-client privilege and the work product doctrine.

Federal Rule of Civil Procedure 26(b)(5) provides:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Plaintiff contends he should not have to comply with Rule 26(b)(5), because it would entail creating a "privilege log" for practically every piece of paper that has been exchanged between him and his lawyers in this litigation. That, however, is one of the consequences of naming himself as an expert. Plaintiff is an expert in this case and as such, as a general rule, Defendants would be entitled to the documents they request. If Plaintiff wishes to withhold some on privilege or work product grounds, he must produce the "privilege log" described in Rule 26(b)(5).

Defendant's Motion for Order Compelling Production of Documents and Privilege log is GRANTED in PART and DENIED in PART as follows: Defendant's Motion to Compel Production of the Documents requested is DENIED. Plaintiff, however, is ORDERED to more fully respond to Defendant's Request for Production of Documents and Things Nos. 38–43. Specifically, if Plaintiff intends to interpose objections that suggest Defendant's requests are overbroad, unduly burdensome, vague or ambiguous, Plaintiff shall explain in further detail why he perceives them to be so. If Plaintiff refuses to produce the items requested based on attorney-client privilege or the work-product doctrine, Plaintiff shall prepare a privilege log consistent with the requirements of Rule 26(b)(5), itemizing those documents not produced.